UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LATERRIKA WILLIAMS, ET AL.** | * | **CIVIL ACTION NO. 18-0694** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **CYPRESS INSURANCE CO., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 20] filed by plaintiffs Laterrika Williams and Jachaya Williams. The motion is opposed. For reasons set forth below, it is recommended that the motion to remand be GRANTED.

### Background

Laterrika Williams filed the above-captioned suit on, or about March 6, 2018, individually, and on behalf of her then-minor child, Jachaya Williams, in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, against defendants Cypress Insurance Company; Mondragon Logging, L.L.C.; and Arturo Mondragon. (Petition). Williams alleged that Mondragon Logging, L.L.C. and Arturo Mondragon, as the owner and operator, respectively, of an unspecified "vehicle," are liable for bodily injury and property damages suffered by Williams and her daughter, when, on March 13, 2017, the Mondragon vehicle collided with the Williams vehicle. (Petition, ¶¶ 1-5).[1] In their petition, Williams and her daughter claimed the

---

[1] At the time of the accident, Cypress Insurance Company provided liability coverage to Mondragon Logging, L.L.C. and Arturo Mondragon. *Id.*, ¶ 6.

usual litany of damages associated with bodily injuries. *Id*. at ¶¶ 8-9.

On May 24, 2018, all three defendants removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). On September 12, 2018, the parties filed their Rule 26(f) report, wherein they represented that "[p]laintiff may object to this Court's subject matter jurisdiction – specifically to the amount in controversy under 28 U.S.C. § 1332(a)." (Rule 26(f) Case Mgmt. Report [doc. # 11]). In the absence of a timely challenge by plaintiffs to the court's jurisdiction, the undersigned accepted defendants' representation regarding amount in controversy, but noted that the finding was preliminary, and subject to reconsideration either sua sponte or by motion. *See* E-Jur. Review Finding [doc. # 13].[2]

On November 30, 2018, more than six months post-removal, and after filing an amended complaint,[3] plaintiffs filed the instant motion to remand for lack of subject matter jurisdiction because the amount in controversy did not exceed the jurisdictional minimum. 28 U.S.C. § 1447(c). Together with their motion, plaintiffs adduced signed affidavits averring that each of their claims for damages "is less than $75,000, exclusive of interest and costs." (Affidavits of Laterrika and Jachaya Williams; M/Remand, Exh. A).

Defendants filed their opposition to the motion to remand on December 17, 2018. [doc. # 22]. Plaintiffs filed their reply brief on December 21, 2018, and attached stipulations signed by their attorney, plus proposed orders, that renounced each plaintiff's respective right to accept a

---

[2] "[T]he amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 554 (2014).

[3] On November 13, 2018, plaintiff amended the complaint to substitute Jachaya Williams as a party in her own name, after she attained the age of majority earlier in the year. *See* doc. #s 14-18.

2

judgment in excess of $75,000, exclusive of interest and costs. (Stipulations and Prop. Orders; Pl. Reply Memo. [doc. # 23]). The matter is ripe.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

In this case, defendants invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiffs and defendants, and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Plaintiffs do not dispute that the parties are completely diverse; rather, they contest that the amount in controversy exceeds $75,000 as to each plaintiff.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the

> initial pleading seeks--
>
>     \*   \*   \*
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334).[4] Thus, the removing defendants must assert the amount in controversy in the notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart, supra*. Here, because plaintiffs *do* challenge defendants' amount in controversy allegation, both sides are obliged to submit proof, and then the court must resolve whether defendants have carried their burden by a preponderance of the evidence. *Id*.

Indeed, it is the removing party that bears the burden of proof. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears the burden of establishing federal jurisdiction). "To satisfy the preponderance standard, the removing defendant[s] may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*,

---

[4] Albeit, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction. La. Code Civ. P. Art. 893A. However, courts have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence, rather than by design. *See e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

134 F.3d 1250, 1254 (5th Cir. 1998).  Removal cannot be supported by conclusory allegations, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999), and "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno, supra*.  Moreover, defendants must do more than assert that a state law might allow a plaintiff to recover more than what is pled; defendants must set forth evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.

If defendants establish by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, remand is proper only if the plaintiffs then "demonstrate to a legal certainty that they can not recover more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).  Plaintiffs' "legal certainty" obligation can be satisfied, *inter alia*, if they file a binding stipulation or affidavit.  *De Aguilar, supra*.

In their notice of removal (and also in their response to plaintiffs' motion to remand), defendants conceded that it was not facially apparent from plaintiffs' petition that the amount in controversy exceeded $75,000.  Accordingly, defendants propounded certain requests for admission to plaintiff(s), and received responses thereto, as follows:

**REQUEST FOR ADMISSION NO. 1:**

> Please admit the amount in controversy claimed by Laterrika Williams, as defined in 28 U.S.C. §1332(a), in this case exceeds the sum or value of $75,000, exclusive of interest and cost.

**RESPONSE TO REQUEST NO. 1:**

> Admitted.  However, plaintiff reserves the right to supplement and amend her response to this Request for Admission of Fact if through discovery or a change in plaintiff's condition it is determined that plaintiff's damage claim exceeds

$75,000.00, exclusive of interest and costs.

**REQUEST FOR ADMISSION NO. 2:**

Please admit the amount in controversy claimed by Jachaya Williams, as defined in 28 U.S.C. §1332(a), in this case exceeds the sum or value of $75,000, exclusive of interest and cost.

**RESPONSE TO REQUEST NO. 2:**

Admitted. However, plaintiff reserves the right to supplement and amend her response to this Request for Admission of Fact if through discovery or a change in plaintiff's condition it is determined that plaintiff's damage claim exceeds $75,000.00, exclusive of interest and costs.
(Pl. Resp. to Reqs. for Admission; Notice of Removal, Exh. D).

In other words, whilst Williams "admitted" that the amount in controversy exceeded $75,000, her narrative accompanying her responses plainly indicated to the contrary. Even defendants admitted that the responses were "somewhat confusing." (Notice of Removal, ¶ 16). It certainly is not a stretch to say that Williams' responses to defendants' requests for admission were ambiguous.

Plaintiffs, however, did not formally contest defendants' interpretation of their responses to the request for admission until more than six months post-removal when they finally filed the instant motion to remand. In support of remand, plaintiffs executed affidavits that disclaimed an amount in controversy greater than the jurisdictional minimum.

Defendants contend that the court cannot consider the post-removal affidavits, and, in any event, the affidavits are not binding on plaintiffs. They further emphasize that plaintiffs failed to sign stipulations proffered by defendants prior to removal that would have acted as "binding renunciation[s]" by plaintiffs of their ability to accept a judgment in excess of $75,000. (Defs.

Opp. Memo., pgs. 3-4, n.1).[5] Nonetheless, a court may consider post-removal affidavits as long as the amount in controversy at the time of removal was ambiguous and the evidence relates to the amount in controversy at the time of removal.[6] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Relatedly, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia, supra* (citations omitted).

The court finds that the foregoing conditions for the consideration of post-removal affidavits are satisfied in this case. It was not facially apparent from the petition that the amount in controversy exceeded $75,000. Moreover, the evidence relied upon by defendants to remove the case (through no fault of defendants) was "confusing" and ambiguous. Also, in conjunction with their reply brief, plaintiffs' counsel executed stipulations that renounced each plaintiff's right to accept a judgment in excess of $75,000, exclusive of interest and costs.[7] Plaintiffs' stipulations constitute a binding waiver. *See* La. Civ. Code Art. 1853;[8] *In re 1994 Exxon Chem.*

---

[5] Defendants attached the proposed stipulations to their requests for production that they served on plaintiffs on March 26, 2018. *See* Defs. 1st Set of Reqs. for Prod., Stipulation, and Affidavit; Defs. Opp. Memo., Exh. A.

[6] When resolving a motion to remand, it is axiomatic that courts look at jurisdictional facts as they existed when the case was removed. *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F. 2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*).

[7] The signed stipulations substantially complied with the proposed stipulation that defendants previously asked Williams' attorney to sign.

[8] "[A] declaration made by a party's attorney or mandatory has the same effect as one made by the party himself." (Revision Comment (b) to La. Civ. Code Art. 1853).

*Fire, supra*; *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F.Supp.2d 775, 779 (W.D. La.2008).

Here, plaintiffs' subsequently filed affidavits and stipulations clarify the ambiguity in their discovery responses, and establish to a legal certainty that at the time of removal the amount in controversy did not, and cannot exceed $ 75,000.[9] Without requisite subject matter jurisdiction, remand to state court is not merely discretionary, it is mandatory. 28 U.S.C. § 1447(c).

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED, pursuant to the binding stipulations executed by Laterrika Williams and Jachaya Williams whereby each plaintiff renounced her respective right to accept a judgment in excess of $75,000.00, exclusive of interest and costs, in these proceedings, that plaintiffs' motion to remand [doc. # 20] be GRANTED, and that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a

---

[9] Therefore, even if defendants had established by a preponderance of the evidence that plaintiffs' claims exceeded the jurisdictional minimum, plaintiffs' stipulations made it legally certain that the amount in controversy does not exceed $75,000.

final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 2nd day of January, 2019

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE